## SECOND DEPARTMENT, OCTOBER 1979

### (October 3, 1979)

■ In the Matter of JOHN C. SUTCLIFFE et al., Respondents, v WALTER JABLONSKI et al., Constituting the Board of Elections of the County of Dutchess, et al., Appellants, et al., Respondents.—In a proceeding pursuant to section 16-102 of the Election Law to invalidate the designating petition filed on behalf of Ann Brady Rupsis for the Conservative Party nomination for the public office of Mayor of the City of Poughkeepsie, in the general

election to be held on November 6, 1979, the appeals are from a judgment of the Supreme Court, Dutchess County, dated August 21, 1979, which granted the relief demanded. Judgment reversed, on the law, without costs or disbursements, the petition to invalidate is dismissed, and the designating petition is validated. The facts as set forth by Special Term have not been disputed. It appears that the designating petition of Ms. Rupsis is comprised of eight sheets containing a total of 19 signatures. Sheets numbered 1, 2, 3 and 4 named the same three individuals as a committee to fill vacancies. Sheets numbered 5, 6 and 8 named two of the same individuals, but added thereto the names of three different individuals, all of whom were designated as a committee to fill vacancies. Sheet No. 7 contained the names of two of the same parties listed on all of the other sheets, together with the name of another party whose name also appeared on sheets numbered 5, 6 and 8 as a committee to fill vacancies. Special Term found that the naming of more than one committee to fill vacancies in the designating petition constituted an irregularity in violation of section 6-132 of the Election Law which required the invalidation of such designating petition. It appears that Ms. Rupsis required eight signatures on her designating petition to establish her candidacy. The first three sheets of her designating petition contained, collectively, nine valid signatures. There was only one committee to fill vacancies named on these sheets. The remaining sheets containing other named committees to fill vacancies did not have a sufficient number of signatures. Accordingly, the candidate, Ms. Rupsis, had a sufficient number of signatures on the first three sheets to sustain her nomination and only one committee to fill vacancies was designated thereon. Hence, the remaining sheets are superfluous and should be disregarded. The case at bar differs from *Matter of Lisa v Power* (16 NY2d 851) and *Matter of Bartle v May* (54 AD2d 532), both cited by Special Term in support of its determination, since in those cases the desired candidacy was sustainable only by the compilation of several pages of the designating petition which named different committees to fill vacancies. Additionally, we point out that although the three objections to the validity of the first three pages of the designating petition set forth in petitioners' brief were set forth initially by the petitioners in their objections filed with the Board of Elections and were included by reference in the proceeding before Special Term, our examination of the record on appeal reveals that there was no extrinsic evidence submitted to Special Term to support any of these claimed improprieties. Furthermore, neither the original designating petition, nor a copy thereof, has been submitted to us for our scrutiny. Accordingly, we must conclude that the petitioners' assertions in this respect are without substance. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.