## (August 20, 1980)

■ . In the Matter of ARTHUR W. FRAWLEY, Respondent, v BONITA H. REGAN, Appellant, and FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents.—In a proceeding, *inter alia,*

to validate petitions designating petitioner Arthur W. Frawley as a candidate in the Conservative Party primary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the Second Congressional District, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 15, 1980, which, *inter alia,* granted the application. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. Petitioner was required to produce 273 valid signatures in order to have his name placed on the primary ballot. Two sets of designating petitions were filed—one consisting of 69 pages and containing 283 signatures and a second consisting of 14 pages and containing 55 signatures. Special Term found, and it is undisputed on this appeal, that these two separately bound sets of petitions each name different persons as members of the Committee on Vacancies, and, for this reason, the two sets of petitions may not be tacked together to be considered as a single petition (see *Matter of Carey v Power,* 18 NY2d 845; *Matter of Lisa v Power,* 16 NY2d 851; cf. *Matter of Bartle v May,* 54 AD2d 532). The pages of the first petition were not consecutively numbered, insofar as two successive pages of the petition, each containing five signatures, were numbered page 26. The remaining pages of the petition are consecutively numbered beginning with page number 27. Because of the duplicate pagination, the board of elections had invalidated the first petition in its entirety. Special Term, however, ruled that the petition was in "substantial compliance" with the consecutive pagination requirement of subdivision 2 of section 6-134 of the Election Law. The court found 274 of the signatures in the first petition to be valid, and granted the relief requested by the petitioner. The presence of two identically numbered pages in the first petition runs afoul of subdivision 2 of section 6-134 of the Election Law. The consecutive numbering requirement, which is mandatory and not merely directory (see *Matter of Eul v Kania,* 278 NY 695; *Hoy v Westall,* 145 NYS2d 2, 5) has been said to serve a dual purpose: "first, to enable the election board to readily locate any sheet or page of the petition to which objections may be made or filed, and second, to avoid the *possibility of fraud* which may result from the insertion of sheets in a filed petition" (*Hoy v Westall, supra,* p 5). Clearly, neither of the above objectives is furthered, nor is there "substantial compliance" with the statute, where a designating petition contains separate pages which are identically numbered (cf. *Matter of Pavis v Heffernan,* 185 Misc 626, 631, affd 269 App Div 912). By the same token, however, we find nothing in the statutory provision which would require invalidation of the entire petition when such duplicate pagination occurs. Rather, it is our opinion, under the facts at bar, that the letter and the spirit of the statute are amply observed by invalidating only those signatures appearing on the page whose number duplicates the numbering on a preceding page (cf. *Matter of Pavis v Heffernan, supra,* p 631). Accordingly, the signatures on the second page numbered 26 of the first petition are declared invalid. The number of valid signatures on this petition must therefore be reduced by five to 269. Since the number of valid signatures appearing in either of petitioner's two designating petitions is insufficient to place his name on the primary ballot, the proceeding herein must be dismissed. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.