## (September 2, 1982)

■ In the Matter of NESTOR J. SEDA, JR., Appellant, et al., Petitioners, v MARTIN RICHARDS et al., Respondents, and REUBEN BRADFORD, Respondent-Respondent. (And a Second Action.) — Appeal by petitioner Nestor J. Seda, Jr., from a judgment of the Supreme Court, Queens County (Mayer, J.), dated August 31, 1982, which, *inter alia,* dismissed the proceedings to validate his designating petitions. Judgment reversed, on the law, without costs or disbursements, applications granted and the board of elections is directed to place the name of the appellant on the appropriate ballot. The appellant filed three separate volumes of designating petitions. It is conceded that each volume contains sufficient valid signatures to sustain his candidacy for elective office. On each of the designating petitions contained in the first two volumes, the committee on vacancies was identical and was composed of a single group of five persons. The third volume of designating petitions (215) listed the same group of five persons but also added a sixth name to the committee. The board of elections invalidated all three volumes on the ground that the designating petitions improperly contained two separate committees on vacancies. Special Term agreed and dismissed the instant proceedings, citing *Matter of Lisa v Power* (16 NY2d 851) and *Matter of Bartle v May* (54 AD2d 532). The facts of *Lisa* and *Bartle* are distinguishable from the circumstances present here. The candidates in those cases attempted to sustain their candidacies with the necessary number of signatures by utilizing those contained on designating petitions with different vacancy committees. Here, in contrast, the appellant can achieve the required number of signatures to uphold his candidacy, by relying on the designating petitions contained only in the first two volumes, since each of those petitions lists the identical committee on vacancies. Thus

the third volume (215) is surplusage and should have been disregarded (*Matter of Sutcliffe v Joblinski*, 72 AD2d 540, affd 48 NY2d 721). The final issue concerns verification of the petitions which commenced these proceedings. Two separate election proceedings were commenced to validate the appellant's designating petitions. This mode of procedure was used to accommodate the separate sets of petitions that the appellant shared with two slates of candidates for party office. Both of these slates pursued party office within a different portion of the assembly district in which the appellant sought his party's nomination for the office of Member of the Assembly. Each election proceeding named the appellant and one slate of party office candidates as petitioners. Each election proceeding petition was verified by a single party office candidate who was named in the petition he verified. Respondent Bradford argues that the appellant was required to verify the election proceeding petitions himself. He contends that the appellant was not united in interest with the candidates who provided verification since those candidates sought party office from a portion of the district rather than public office from the district as a whole. We cannot agree. Although there are differences in the types of office sought and the political subdivision in which the election is being pursued, the appellant and the party office candidates are united in interest by the designating petitions that they share. Verification by a single candidate united in interest with others named as petitioners in the election proceedings is sufficient to satisfy the requirements of section 16-116 of the Election Law (see *Matter of Maniscalco v Power*, 4 AD2d 479, affd 3 NY2d 918). Lazer, J. P., Gibbons, Gulotta, Bracken and Niehoff, JJ., concur.