■ In the Matter of WILLIAM F. SHEEHAN, Appellant, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Cholakis, J.), entered October 12, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the nominating petition naming certain respondents as candidates of the Independent Citizens of Guilderland Party for various town offices in the Town of Guilderland in the November 8, 1983 general election. Respondent candidates have filed a four-volume nominating petition in their attempt to become candidates of the Independent Citizens of Guilderland Party for town office in the Town of Guilderland. The pages of the first volume of the petition were numbered 1 through 25; the second volume 26 through 50; the third volume 51 through 75; and the fourth volume 76 through 98. Petitioner has challenged the nominating petition on the ground that the pagination of each of the four volumes should have begun with a page marked 1 and been numbered consecutively therefrom. A review of the relevant statutory provisions of the Election Law supports petitioner's position. Section 6-134 (subd 2) of the Election Law clearly states: "Sheets of a designating petition shall be bound together in one or more volumes. The sheets in each volume shall be numbered consecutively at the foot of each sheet, *beginning with number one*" (emphasis added). The Court of Appeals has declared that there must be strict compliance with content requirements contained in section 6-134 (subd 2) of the Election Law (*Matter of Hutson v Bass*, 54 NY2d 772), and the numbering requirements have been held to be mandatory (*Matter of Frawley v Regan*, 77 AD2d 937; *Matter of Pabian v McNab*, 9 Misc 2d 995, affd 4 AD2d 834, affd 3 NY2d 888). Accordingly, we can reach no other conclusion than that it was error for Trial Term to dismiss petitioner's challenge to the nominating petition. The judgment must be reversed and the petition granted. Judgment reversed, on the law, without costs, petition granted, and nominating petition declared invalid. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.