■ NEWBERGER BROTHERS, INC., Respondent, v MOHAWK LEATHER COMPANY, INC., Successor to LIPMAN SPLIT COMPANY, INC., Appellant. (Action No. 1.) JOHNSON CORRUGATED PRODUCT, Respondent, v MOHAWK LEATHER COMPANY, INC., Successor to LIPMAN SPLIT CORPORATION, Appellant. (Action No. 2.) — Appeals from two orders and judgments of the Supreme Court at Special Term (Dier, J.), entered May 24, 1983 in Montgomery County, which granted plaintiffs' motions for summary judgment. ¶ Plaintiffs commenced these actions to recover for goods sold and delivered but not paid for in full. Special Term granted plaintiffs' motions for summary judgment and these appeals followed. ¶ Initially, and in response to plaintiffs' assertion in their brief that the orders and judgments may have been rendered due to defendant's default, we note that inasmuch as there are no applications or supporting papers for default in the records, it is apparent that the orders and judgments were not based on any default by defendant (see CPLR 3215; Siegel, NY Prac, §§ 293-296, pp 346-351). Thus, these appeals properly lie as there are no default judgments which need to be vacated (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3215:25, p 881). ¶ We are of the view that plaintiffs are not entitled to summary judgment. Plaintiffs' complaints fail to allege specifically that Mohawk Leather Company is the successor to Lipman Split Company, merely noting such relationship in the captions to the complaint and then referring to "defendant" in the allegations. Although this inartful pleading might otherwise be overlooked, it further appears that all invoices, save one, and account statements refer to Lipman, and that plaintiffs have failed to submit any documentary evidence in support of their contention that Mohawk was the successor to Lipman and thus liable for the latter's debts. Defendant, on the other hand, submitted a certificate filed with the Secretary of State and affidavits by the corporate attorney to support its claim that Mohawk was a distinct entity from Lipman and did not come into existence until October 1, 1981, after the sales in issue were allegedly made. The lack of proof submitted by plaintiffs concerning Mohawk's relationship to Lipman and the evidence submitted by defendant to show that Mohawk is a separate and distinct business entity from Lipman are sufficient to preclude summary judgment in favor of plaintiffs. We further note that one invoice is dated May 29, 1980, before the time Mohawk is claimed to have come into existence, yet is in Mohawk's name. Thus, we conclude that this raises

questions of fact concerning the relationship, if any, between Mohawk and Lipman which require a trial for resolution. ¶ Orders and judgments reversed, on the law, without costs, and plaintiffs' motions for summary judgment denied. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.