■ NEWBERGER BROTHERS, INC., Respondent, v MOHAWK LEATHER COMPANY, INC., Successor to LIPMAN SPLIT COMPANY, INC., Appellant. — Main, J. P. Appeals (1) from an order of the Supreme Court at Special Term (Graves, J.), entered August 27, 1984 in Montgomery County, which denied defendant's motion for a protective order, and (2) from an order of said court, entered September 4, 1984 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

After plaintiff commenced this action for goods sold but not paid for, it moved for summary judgment, which was granted. We reversed (102 AD2d 927), concluding that questions of fact existed concerning whether Mohawk Leather Company, Inc.

(Mohawk) was the successor to Lipman Split Company, Inc. (Lipman) and, thus, liable for the debts of the latter. We noted that although plaintiff failed to submit proof establishing a relationship between Mohawk and Lipman, an invoice in the name of Mohawk and dated before the time Mohawk was claimed to have come into existence raised questions of fact concerning a relationship between Mohawk and Lipman.

Defendant then moved for summary judgment claiming that the name "Mohawk Leather" was used by Lipman and that Lipman is a distinct entity from Mohawk. Plaintiff claims that the names were used by defendant interchangeably. Defendant also moved for a protective order vacating or limiting an examination before trial. Special Term denied both of defendant's motions and these appeals from the resulting orders ensued.

We remain of the view that questions of fact exist concerning the relationship between Lipman and Mohawk. Defendant's affidavit, by its secretary, asserts that Lipman used the name "Mohawk Leather", but the invoice referred to above is in the name of "Mohawk Leather Co.". Furthermore, despite assurances by defendant that Lipman used the name "Mohawk Leather" pursuant to a duly filed certificate in Montgomery County, there is no such certificate in the record. These ambiguities only compound the issue of fact concerning the relationship between Lipman and Mohawk, if any, and summary judgment was therefore properly denied. We also cannot say that, considering the trial court's broad discretion in supervising disclosure (*see, e.g., Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406), Special Term erred in denying defendant's motion for a protective order vacating or limiting an examination before trial.

Orders affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.