Jasen, J.
(dissenting). Because in my view the decision reached today exalts hypertechnical form over substantive merit and exacts a draconian penalty wholly disproportionate to the supposed mistake on respondents’ designating petition, I respectfully dissent.
The designating petition in question named respondents Slominski, Arcara and Bolas as candidates for the Conservative Party nominations for Erie County Comptroller, Erie County District Attorney and Erie County Sheriff, respectively. The cover sheet stated the public office sought by each respondent, their names and addresses, the total number of pages in the attached volume,[1] the number of the first and last pages of the volume, and the number of signatures contained therein.
The majority deems the designating petitions invalid and, thereby, removes respondents from the primary election ballot as candidates for the Conservative Party nomination, on the seemingly incongruous ground that the very same number of signatures contained within the petition was not repeated three *1029 separate times — once for each respondent. Such a ruling is neither supported by statute nor is it mandated by the decisional law of this court. Moreover, the disqualification of respondents’ candidacies on this rigidly formalistic and entirely unnecessary ground effectuates an arbitrary and far too drastic interference with respondents’ and their supporters’ fundamental 1st Amendment rights.
The statutory provision in question, Election Law § 6-134, sets forth in relevant part the following pertinent rules governing designating petitions:
“1. A designating petition may designate candidates for nomination for one or more public offices or for nomination for election to one or more party positions, or both, but designations or nominations for which the petitions are required to be filed in different offices, may not be combined in the same petition.
“2. Sheets of a designating petition shall be bound together in one or more volumes. The sheets in each volume shall be numbered consecutively at the foot of each sheet, beginning with number one. There shall be a cover sheet attached to each petition consisting of ten or more sheets and each volume thereof. Each cover sheet shall indicate the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition. If the petition is filed in two or more volumes, the cover sheet for each volume shall also contain the following additional information: the number of the volume, the total number of pages in the volume, the total number of signatures contained in the volume, and the numbers of the first and last pages contained therein.
* * *
“8. A signer need only place his signature upon the petition, and need not himself fill in the other required information.” (Emphasis added.)
As is clear from a reading of the statute, one petition may serve to designate more than one candidate, each running for a different office (subd 1). As is just as clear, the cover sheet of the signed petition must state the office being sought by each candidate, their respective names and addresses, and the total number of pages and the total number of signatures contained in that single petition (subd 2). The statute says absolutely nothing about additional requirements regarding the total number of signatures when the same petition designates more than one candidate. There is certainly no requirement that the same *1030 number of total signatures contained in the same petition be recited several different times on the same cover sheet whenever more than one candidate is named on a single petition.[2] Indeed, this is made increasingly clear from the identical provision contained in the same statutory subdivision regarding the total number of signatures in each volume. Likewise, it would be entirely unwarranted to require that the same number of signatures for the same volume be repeated once for each candidate on the same cover sheet. (See, Matter of Delle Cese v Black, 63 NY2d 694, 695 [Meyer, J., dissenting in part].)
So here, it seems entirely unreasonable and unnecessary to require that respondents state the total number of signatures in their one-volume designating petition three different times on the same cover sheet. The requirement adds no information, prevents no fraud or mistake, creates no differentiation among the signatures, and, indeed, serves none of the policy purposes legitimately underlying the Election Law. Certainly, enforcement of such a mechanically formalistic requirement does not warrant invalidation of the designating petition and removal from the ballot.
Matter of Delle Cese v Black (63 NY2d 694, supra) upon which the majority rely, is distinguishable. In Delle Cese, candidates for the public positions of judicial delegate and party positions of Bronx County Committee submitted a joint designating petition. In that case, there existed differing minimum signature requirements necessary to qualify candidates for public and party positions. Here, in contrast, the public positions of Erie County District Attorney, Erie County Sheriff and Erie County Comptroller have identical minimum signature requirements. In view of this “unity of interest” among the candidates for public positions in Erie County, and the lack of any realistic risk of administrative confusion (Matter of Staber v Fidler, 65 NY2d 529) the single recitation of the total number of signatures satisfied the statutory requirement. (See, Matter of Seda v Richards, 89 AD2d 952, affd 57 NY2d 737; Matter of Castillo v Maclara, 63 NY2d 682; Matter of Grancio v Coveney, 60 NY2d 608.)
The other minor discrepancies in respondent’s petition, noted by the majority, whether viewed individually or collectively, are, as found by the Appellate Division, insignificant and inconsequential. This is particularly true here where it is conceded *1031 that the designating petition contains nearly three times the required number of signatures. To invalidate the entire designating petition containing 1,049 valid signatures, where only 367 are required, does not effectuate the policy of avoiding the risk of confusion and deception in our electoral process. (See, Matter of Staber v Fidler, 65 NY2d 529, supra.)
For all these reasons, I would affirm the order of the Appellate Division.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judge Jasen dissents and votes to affirm in an opinion in which Judge Meyer concurs.
Order reversed, without costs, and judgment of Supreme Court, Erie County, reinstated in a memorandum.

. Although respondents actually submitted two separate volumes, the first volume alone is deemed by the court to be respondents’ designating petition and, consequently, only the cover sheet attached to that volume is at issue.

. The majority can point to no language in the statute which mandates such a requirement. Rather, authority is derived solely from an unwarranted extension of the holding in Matter of Delle Cese v Black (63 NY2d 694). (See, discussion infra.)