■ In the Matter of ANNA PASCAZI, Respondent, v NEW

---

* Three other signatures on pages 1 and 12 were already invalidated by the Board.

YORK STATE BOARD OF ELECTIONS et al., Respondents, and DAVID J. GAMACHE, Appellant. [616 NYS2d 107] —Per Curiam. Appeal from an amended judgment of the Supreme Court (Hughes, J.), entered August 15, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent David J. Gamache as the Conservative Party candidate for the office of Member of Assembly for the 91st Assembly District in the September 13, 1994 primary election.

We first reject petitioner's contention, raised both in her brief and by a separate motion before this Court to dismiss the appeal of respondent David J. Gamache (hereinafter respondent), that respondent is precluded from maintaining this appeal by his failure to file an answer. Respondent's attorney appeared before Supreme Court and argued the merits of petitioner's application. The amended judgment rendered by Supreme Court is not based upon respondent's default in answering, but is based upon the merits. As there is no default judgment requiring vacatur, respondent can appeal from the judgment rendered on the merits (see, *Newberger Bros. v Mohawk Leather Co.,* 102 AD2d 927). We also reject petitioner's contention that by failing to answer, respondent admitted all of the allegations of petitioner's pleading, including various conclusions of law (see, *Ballard v Billings & Spencer Co.,* 36 AD2d 71, 74). The relevant facts are not in dispute. Seven sheets of respondent's designating petition name a three-person Committee to Fill Vacancies. The other 44 sheets name a different three-person Committee to Fill Vacancies. The single legal issue raised by the undisputed · facts is whether the discrepancy in the Committee to Fill Vacancies renders the designating petition invalid. Supreme Court decided the case on the basis of this issue and we see no reason not to reach the issue on this appeal.

Although the 44 sheets of the designating petition which list the same three-person Committee to Fill Vacancies contain sufficient signatures to uphold the petition, these sheets are not consecutive beginning with the first sheet, but are interspersed with the seven pages that list a different Committee to Fill Vacancies. Case law previously established that such a discrepancy would invalidate a designating petition (see, *Matter of Bartle v May,* 54 AD2d 532; *cf., Matter of Sutcliffe v Jablonski,* 72 AD2d 540, *affd* 48 NY2d 721). The Election Law was amended in 1992, however, to provide that the failure to

list a Committee to Fill Vacancies shall not invalidate a designating petition unless a vacancy occurs (Election Law § 6-134 [11], added by L 1992, ch 79). Here, Supreme Court held that the new statute did not address the situation where two different Committees on Vacancies are named in the designating petition and, therefore, the amendment did not alter the holdings of the earlier cases. We disagree.

Although Election Law § 6-132, which prescribes the form of a designating petition, requires only that the petition be "substantially" as set forth (Election Law § 6-132 [2]), the Court of Appeals has "made clear that the failure of a designating petition to comply with an element that the Legislature has deemed essential is a fatal defect" *(Ryan v Board of Elections,* 53 NY2d 515, 517). By expressly providing that the failure to list a Committee to Fill Vacancies shall not invalidate a designating petition unless a vacancy occurs, the Legislature has made clear that it does not deem a Committee to Fill Vacancies an essential element of a designating petition. Thus, a candidate's failure to list a Committee to Fill Vacancies on some or all of the sheets of his designating petition will not invalidate the petition when no vacancy has occurred *(Matter of Tinari v Berger,* 196 AD2d 798, *lv denied* 82 NY2d 656). Inasmuch as the Committee to Fill Vacancies is not an essential element of a designating petition, we see no reason to reach a different result where, as here, certain sheets of the designating petition list a Committee to Fill Vacancies which differs from the Committee to Fill Vacancies listed on other sheets.

Our holding is consistent with one of the purposes of the Election Reform Act of 1992 (L 1992, ch 79), i.e., to provide that "[h]armless mistakes on the petition form will no longer have to mean the end of a campaign" (Governor's Mem, 1992 McKinney's Session Laws of NY, at 2877) and thereby facilitate ballot access for candidates (Mem in Support of Legislation, Bill Jacket, L 1992, ch 79). We note the absence of any evidence to suggest that the discrepancy was intended to confuse or mislead or that such circumstances would result from the mistake *(see generally, Matter of Scamacca v Mahoney,* 104 AD2d 730). Nor is there any claim that a vacancy has occurred. We also reject petitioner's claim that although the designating petition is bound together as a single volume, it is actually two separate volumes which cannot be tacked together *(cf., Matter of Frawley v Regan,* 77 AD2d 937). Accordingly, we conclude that the discrepancy in the Committee to

Fill Vacancies listed in respondent's designating petition is not a fatal defect.

Cardona, P. J., White, Casey, Weiss and Peters, JJ., concur. Ordered that the motion by petitioner to dismiss the appeal is denied, without costs. Ordered that the amended judgment is reversed, on the law, without costs, and petition dismissed.