■ JOHN P. MANCULICH, Franchisee Doing Business as U-SAVE AUTO RENTAL OF AMERICA, INC., Appellant, v DEPENDABLE AUTO SALES AND SERVICE, INC., et al., Respondents. [833 NYS2d 767]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lebous, J.), entered May 17, 2006 in Broome County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

Defendant Kathleen Ryan was employed with U-Save Auto Rental of America, Inc., a rental car agency located in the City of Binghamton, Broome County, which is owned and managed by plaintiff. In October 2005, after 11 years of employment, Ryan resigned and began working for defendant Dependable Auto Rentals, Inc. Ten days later, plaintiff commenced this action against defendants alleging claims in tortious interference with business relationships, unjust enrichment and breach of fiduciary duty by Ryan as a confidential employee in utilizing plaintiff's confidential customer lists and business strategies to generate business for Dependable with the full knowledge of its owners, defendants Richard A. Jindra and Stephen E. Conroy. Plaintiff claimed significant loss of business and revenue as a result of defendants' use of such confidential information and trade secrets. Thereafter, in November 2005, plaintiff moved by order to show cause for, among other things, a preliminary injunction enjoining defendants from utilizing any confidential business information. Supreme Court denied said motion after a hearing.

Following joinder of issue, plaintiff moved to compel discovery

and defendants cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Pursuant to CPLR 3211 (c), Supreme Court, upon notice to the parties, converted the cross motion to one for summary judgment dismissing the complaint. Upon reviewing the affidavits submitted in support of the summary judgment motion, Supreme Court, noting plaintiff's failure to oppose the motion and lack of appearance on plaintiff's behalf, granted summary judgment to defendants and dismissed the complaint, thereby rendering plaintiff's motion to compel discovery moot. This appeal by plaintiff ensued.

Initially, we note that although plaintiff failed to appear or submit any papers in opposition to the motion for summary judgment, Supreme Court's order resulted from the review of the merits of the summary judgment motion and not as a result of any default by plaintiff. Accordingly, contrary to defendants' contention, plaintiff is not precluded from maintaining this appeal (*see e.g. Matter of Pascazi v New York State Bd. of Elections*, 207 AD2d 650, 651 [1994], *lv denied* 84 NY2d 802 [1994]). Furthermore, contrary to plaintiff's contention, we find no error in Supreme Court converting defendants' cross motion to dismiss the complaint to one for summary judgment. The record establishes that the court provided the requisite notice to the parties and afforded them sufficient time to respond (*see* CPLR 3211 [c]).

Turning to the merits, we find that summary judgment dismissing the complaint was properly granted. As the proponent for summary judgment, defendants were required to establish, by competent admissible evidence, their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). To that end, defendants submitted the affidavit of Ryan wherein she averred that she was never asked to sign an employment or confidentiality agreement and, in any event, no confidential information, customer list or trade secrets were utilized in connection with her employment with U-Save. Rather, Ryan averred that any pricing information was readily available over the telephone or by reference to U-Save's Web site, and any contact information regarding potential customers was accomplished through "cold calling" or use of publicly available resources, such as the telephone book or Internet. Jindra and Conroy also submitted affidavits denying that Ryan supplied any confidential or proprietary information and stating that they began expanding their existing rental car agency prior to hiring Ryan. Finally, several affidavits from customers of plaintiff were also submitted stating that they did

not have an exclusive business relationship with U-Save and denying any attempt by Ryan to solicit their business or lure them away from U-Save.

In view of the foregoing, defendants met their initial burden establishing entitlement to summary judgment thereby shifting the burden to plaintiff to "assemble, lay bare and reveal his proofs in order to show that the allegations in the complaint are real and capable of being established upon a trial" (*Cheeseman v Inserra Supermarkets*, 174 AD2d 956, 958 [1991] [internal quotation marks and citation omitted]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). This plaintiff failed to do. By offering no evidence in opposition, plaintiff is "deemed to have admitted, with respect to the allegations made by [defendants] in support of [their] summary judgment motion, that there exists no material question of fact" (*Springer v Clark Publ. Co.*, 191 AD2d 922, 924 [1993], *lv dismissed* 82 NY2d 706 [1993]; *see Mega Group v Halton*, 290 AD2d 673, 675 [2002]). Accordingly, Supreme Court's order granting defendants summary judgment should be affirmed.

We have considered plaintiff's remaining contentions, including that the cross motion for summary judgment was premature, and find them to be without merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.