■ HSBC Mortgage Corporation (USA), Respondent, v Donald MacPherson, Appellant, et al., Defendants. [934 NYS2d 428]—

The plaintiff commenced this action to foreclose a mortgage. The defendant Donald MacPherson (hereinafter the appellant) moved, in effect, pursuant to CPLR 3211 (a) (3), to dismiss the complaint insofar as asserted against him on the ground that

the plaintiff lacked standing to commence this action. The Supreme Court denied the appellant's motion. Thereafter, the plaintiff moved for, among other things, summary judgment on the complaint. The appellant did not oppose the plaintiff's motion. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the complaint, upon the appellant's default. Subsequently, the Supreme Court entered a judgment of foreclosure and sale. We affirm the judgment insofar as reviewed.

No appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Forma v City of New York, 273 AD2d 271, 272 [2000]). Nonetheless, the appeal from a judgment brings up for review those "matters which were the subject of contest" before the Supreme Court (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Diamond v Diamante, 57 AD3d 826, 826-827 [2008]; Katz v Katz, 68 AD2d 536, 540 [1979]; see also Matter of Paulino v Camacho, 36 AD3d 821, 822 [2007]; Tun v Aw, 10 AD3d 651, 652 [2004]). Accordingly, in this case, review is limited to so much of the judgment as brings up for review the order dated June 3, 2008, denying the appellant's motion, in effect, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against him for lack of standing (see James v Powell, 19 NY2d at 256 n 3; Diamond v Diamante, 57 AD3d at 826-827; Katz v Katz, 68 AD2d at 540; see generally CPLR 5501 [a] [1]; Strathmore Ridge Homeowners Assn., Inc. v Mendicino, 63 AD3d 1038, 1039 [2009]; Matter of John John, LLC v Planning Bd. of Town of Brookhaven, 15 AD3d 486, 486-487 [2005]).

Contrary to the appellant's contention, he failed to demonstrate, as a matter of law, that he was entitled to the dismissal of the complaint on the ground that the plaintiff lacked standing. Accordingly, the Supreme Court properly denied his motion to dismiss the complaint on that ground (see Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636, 636 [2011]; GECMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC, 84 AD3d 1311, 1312 [2011]; Levin v Kitsis, 82 AD3d 1051, 1051-1052 [2011]; see also U.S. Bank N.A. v Pia, 73 AD3d 752, 753 [2010]; cf. Bank of N.Y. v Silverberg, 86 AD3d 274 [2011]; Countrywide Home Loans, Inc. v Gress, 68 AD3d 709, 710 [2009]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.