◼ Nationstar Mortgage, LLC, Respondent, v Bryan D. Catizone, Also Known as Bryan Catizone, Individually and as Administrator of the Estate of Gloria Catizone, Deceased, Appellant, et al., Defendants. [9 NYS3d 315]—

In an action to foreclose a mortgage, the defendant Bryan D. Catizone appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated March 18, 2014, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him,

and (2) stated portions of an order of the same court, also dated March 18, 2014, which, inter alia, granted the plaintiff's motion to dismiss his answer and appointed a referee to ascertain and compute the amount due under the note and mortgage.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Where, as in this case, a plaintiff's standing to maintain an action to foreclose a mortgage is put into issue by a defendant, it is incumbent upon the plaintiff to prove its standing in order to establish its entitlement to relief (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *US Bank N.A. v Madero*, 80 AD3d 751, 752 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 910 [2015]; *see US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 507 [2013]).

Contrary to the appellant's contention, the plaintiff established its standing as the holder of the note and mortgage by demonstrating that the note was in its possession and the mortgage had been assigned to it prior to the commencement of the action, as evidenced by its attachment of the indorsed note, the mortgage, and the mortgage assignment to the summons and complaint at the time the action was commenced (*see generally Federal Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546 [2003]; *First Trust Natl. Assn. v Meisels*, 234 AD2d 414 [1996]). Moreover, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see U.S. Bank N.A. v Denaro*, 98 AD3d 964 [2012]; *Washington Mut. Bank, F.A. v O'Connor*, 63 AD3d 832 [2009]). Since the appellant failed to raise a triable issue of fact in opposition to these showings, the Supreme Court properly granted the plaintiff's motion for summary judgment and denied the appellant's cross motion for summary judgment.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.