■ ARCH BAY HOLDINGS, LLC-SERIES 2010B, Respondent, v DAISEY R. SMITH, Also Known as DAISY R. SMITH, et al., Appellants, et al., Defendants. [24 NYS3d 533]—

In an action to foreclose a mortgage, the defendants Daisey R. Smith, also known as Daisy R. Smith, and Mary H. Smith, also known as Mary Smith, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered May 30, 2013, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against them for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Wells Fargo Bank, N.A. v Rooney,* 132 AD3d 980, 981 [2015]; *Aurora Loan Servs., LLC v Taylor,* 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]). The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor,* 25 NY3d 355 [2015]; *Kondaur Capital Corp. v McCary,* 115 AD3d 649, 650 [2014]; *Aurora Loan Servs., LLC v Weisblum,* 85 AD3d 95, 108 [2011]; *U.S. Bank, N.A. v Collymore,* 68 AD3d 752, 754 [2009]). On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see HSBC Mtge. Corp. [USA] v MacPherson,* 89 AD3d 1061, 1062 [2011]). To defeat the motion, a plaintiff must submit evidence which raises a question of fact as to its standing (*see US Bank N.A. v Faruque,* 120 AD3d 575,

578 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]).

Here, by adducing evidence that the note was in its possession and the mortgage had been assigned to it prior to the commencement of the action, the plaintiff made a showing sufficient to deny that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against them for lack of standing (*see Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151 [2015]; *US Bank N.A. v Faruque*, 120 AD3d 575 [2014]). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.