■ NEW YORK COMMUNITY BANK, Appellant, v DAPHNE MC-CLENDON, Respondent, et al., Defendants. [29 NYS3d 507]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated March 17, 2014, which granted the motion of the defendant Daphne McClendon pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Daphne McClendon pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action is denied.

The subject mortgage was executed by the defendant Daphne McClendon on November 7, 2008, in favor of AmTrust Bank, to secure a promissory note executed the same day, in the principal sum of $544,000. The note (hereinafter the eNote) was signed by electronic signature. On December 4, 2009, the Office of Thrift Supervision closed AmTust Bank and appointed the Federal Deposit Insurance Corporation (hereinafter the FDIC) as receiver for the closed bank. Also on December 4, 2009, the FDIC, as receiver for AmTrust Bank, and the plaintiff entered into a purchase and assumption agreement (hereinafter the P & A Agreement), pursuant to which the FDIC sold the plaintiff all "qualified financial contracts to which AmTrust was a party."

The plaintiff commenced this action to foreclose the subject mortgage in June of 2012, alleging that McClendon had ceased making her monthly mortgage payments in October of 2010, in violation of its terms. McClendon moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action. In opposition to the motion, the plaintiff submitted, among other things, the underlying eNote, the attached "eNote Transfer History," and an affidavit of Ryan A. Sabo, Assistant Vice President of the plaintiff. In the order appealed from, the Supreme Court granted McClendon's motion to dismiss.

A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719 [2016]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]). A plaintiff establishes standing where the evidence shows it had physical possession of the note prior to commencement of the foreclosure action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 359-360; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]). On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719 [2016]; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015]; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 60; *see Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719 [2016]; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984).

Contrary to the plaintiff's contention, McClendon's motion was not a renewal or reargument of any prior motion and, accordingly, the Supreme Court did not err in considering the motion without considering the requirements for obtaining leave to renew or reargue.

Regarding the eNote transfer history submitted by the plaintiff, an eNote is a "transferable record," as that term is defined under 15 USC § 7021 (a) (1). "Except as otherwise agreed, a person having control of a transferable record is the holder" (15 USC § 7021 [d]). New York's Uniform Commercial Code also defines "holder" as "the person in control of a negotiable electronic document of title" (UCC 1-201 [b] [21] [C]). "A person has control of a transferable record if a system employed for evidencing the transfer of interests in the transferable record reliably establishes that person as the person to which the transferable record was issued or transferred" (15 USC § 7021 [b]). "Delivery, possession, and endorsement are not required to obtain or exercise any of the rights" of a holder of a transferable record such as an eNote (15 USC § 7021 [d]). "[R]easonable proof" that a person seeking to enforce a transferable rec-

ord has control of such record "may include access to the authoritative copy of the transferable record and related business records sufficient to review the terms of the transferable record and to establish the identity of the person having control of the transferable record" (15 USC § 7021 [f]).

Here, the eNote transfer history established that the eNote was transferred by the FDIC, as receiver for AmTrust Bank, to the plaintiff on March 23, 2010, more than two years before the plaintiff commenced the instant action on or about June 18, 2012. The transfer history further established that, on March 23, 2010, the plaintiff obtained control and became the owner of the eNote. Thus, the transfer history, together with the copy of the eNote itself, were sufficient "to review the terms of the transferable record and to establish the identity of the person [or entity] having control of the transferable record" (15 USC § 7021 [f]). This evidence was sufficient to establish the plaintiff's standing as the holder of the eNote and rendered the lack of proof of valid assignment irrelevant (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 359-360; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]).

Accordingly, the Supreme Court should have denied McClendon's motion to dismiss the complaint insofar as asserted against her for lack of standing. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.