■ U.S. Bank, National Association, as Trustee for RMAC Trust Series 2013-1T, Respondent, v Danny Noble et al., Defendants, and 104 Vanderbilt Realty, LLC, Appellant. [41 NYS3d 76]—

In an action, inter alia, to cancel and vacate a satisfaction of mortgage, the defendant 104 Vanderbilt Realty, LLC, appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 23, 2014, which denied that branch of its motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it for lack of standing.

Ordered that the order is affirmed, with costs.

On October 14, 2013, the plaintiff commenced the instant action, inter alia, to cancel and vacate a satisfaction of mortgage recorded on December 5, 2012, indicating that a mortgage in the sum of $1,200,000 against property located at 104 Vanderbilt Avenue in Brooklyn (hereinafter the property) had been released and satisfied in full. The plaintiff alleged in the complaint that it was the holder of the subject mortgage and

that the mortgage debt had never been satisfied and remained unsatisfied. The defendant 104 Vanderbilt Realty, LLC (hereinafter Vanderbilt), to which the property had been conveyed by deed recorded on March 14, 2013, moved, inter alia, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff lacked standing. In an order dated June 23, 2014, the Supreme Court denied that branch of the motion, and Vanderbilt appeals.

"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-361 [2015]). Although the instant action is not a mortgage foreclosure action, the same standard applies under the circumstances presented (*see Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 775 [2013]). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note" (*U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]). "As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note. However, the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it . . . because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015] [citations omitted]; *see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]).

On a defendant's motion to dismiss a complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see New York Community Bank v McClendon*, 138 AD3d at 806; *Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719, 719 [2016]; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015]; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d at 847). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 60; *see Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d

at 719; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984; *U.S. Bank N.A. v Guy*, 125 AD3d at 847).

Here, Vanderbilt correctly contended that the complaint failed to allege sufficient facts to establish the plaintiff's standing. The complaint failed adequately to allege that the plaintiff had physical possession of the note when the action was commenced on October 14, 2013. Alternatively, the complaint failed adequately to allege that the plaintiff was the assignee of the note at the time of commencement. The complaint alleged that the plaintiff had standing based on a series of assignments of the note, beginning with an assignment by Mortgage Electronic Registrations Systems, Inc. (hereinafter MERS), to GMAC Mortgage, LLC, and culminating in an assignment of the note to the plaintiff. However, the complaint did not allege, and the annexed documents did not establish, that MERS had authority to assign the note (*see Citibank, N.A. v Herman*, 125 AD3d at 589; *Bank of N.Y. v Silverberg*, 86 AD3d at 281). Therefore, the complaint did not adequately allege either physical possession of the note or a valid assignment to the plaintiff prior to the commencement of the action.

In opposition, however, the plaintiff submitted a copy of the note and mortgage, and the affidavit of David Winston, a vice president of Rushmore Loan Management Services, LLC (hereinafter Rushmore), the plaintiff's loan servicer and attorney-in-fact. An allonge to the note indicated that the note had been transferred to the plaintiff, but was undated and, thus, did not establish that the transfer was effectuated prior to the commencement of the action (*see Flagstar Bank, FSB v Anderson*, 129 AD3d 665, 666 [2015]). However, Winston stated in his affidavit that the plaintiff was the holder of the note "at all times prior, during and since commencement of action" and that the note and mortgage had been in the possession of Rushmore, as servicer and agent for the plaintiff, since February 1, 2013. The summons and complaint, which were annexed to the plaintiff's opposing papers, established the date of commencement of the action as October 14, 2013. The foregoing was sufficient to raise a question of fact as to whether the plaintiff's agent had physical possession of the note at the time of commencement of the action.

Accordingly, the Supreme Court properly denied that branch of Vanderbilt's motion which was to dismiss the complaint on the ground that the plaintiff lacked standing. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.