■ WELLS FARGO BANK, N.A., as Trustee for the MLMI TRUST SERIES-2005-HE3, Respondent, v EMANUEL ARCHIBALD, Appellant, et al., Defendants. [55 NYS3d 116]—

In an action to foreclose a mortgage, the defendant Emanuel Archibald appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated March 26, 2015, as denied that branch of his motion, made jointly with the defendant Yvonne Moody, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2005, Emanuel Archibald (hereinafter the defendant) and Yvonne Moody (hereinafter together the defendants) executed a note in the sum of $503,400 in favor of Option One Mortgage Corporation (hereinafter Option One), which was secured by a mortgage on residential property located in Highland Mills. Thereafter, Option One assigned the mortgage

to the plaintiff by written assignment dated June 29, 2005. In August 2008, the plaintiff commenced this action to foreclose the mortgage. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, arguing that the plaintiff lacked standing to commence the action. In an order dated March 26, 2015, the Supreme Court denied the motion. The defendant appeals from so much of the order as denied that branch of the motion which was to dismiss the complaint insofar as asserted against him. We affirm insofar as appealed from.

A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note" (*U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d at 650). As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*see Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]).

On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see U.S. Bank, N.A. v Noble*, 144 AD3d 786, 787 [2016]; *U.S. Bank N.A. v Guy*, 125 AD3d at 847; *HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]).

Here, the defendant made no showing that the plaintiff was not the holder of the note at the time the action was commenced. The defendant also failed to demonstrate that the plaintiff lacked standing based on the written assignment of the mortgage to the plaintiff, since the assignment expressly stated that, in addition to the mortgage, Option One assigned "all right, title and interest in [the] note" (*see U.S. Bank N.A. v Akande*, 136 AD3d 887, 890 [2016]; *Emigrant Bank v Larizza*, 129 AD3d 904, 904-905 [2015]; *Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726, 727 [2014]). Furthermore, as a mortgagor whose loan was owned by a trust, the defendant lacked standing to assert his claim that the delivery of the note from Option One to the plaintiff violated the pooling and servicing agreement

for the trust (see *U.S. Bank N.A. v Saravanan*, 146 AD3d 1010 [2017]; *Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176 [2015]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 725 [2014]).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.