Mariners Atl. Portfolio, LLC v Hector (2018 NY Slip Op 01458)





Mariners Atl. Portfolio, LLC v Hector


2018 NY Slip Op 01458


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-01313
 (Index No. 509931/14)

[*1]Mariners Atlantic Portfolio, LLC, appellant, 
v
John Hector, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Michel Lee of counsel), for appellant.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 14, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant John Hector which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant John Hector which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing is denied.
In February 2006, John Hector executed a note in the sum of $316,000 in favor of Ameriquest Mortgage Company (hereinafter Ameriquest), which was secured by a mortgage on residential property located in Brooklyn. In October 2014, the plaintiff commenced this action against Hector, among others, to foreclose the mortgage. Thereafter, Hector moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing. The plaintiff opposed the motion. In the order appealed from, the Supreme Court granted that branch of the motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against Hector on the ground that the plaintiff lacked standing. The plaintiff appeals.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d 935, 936; U.S. Bank, N.A. v Noble, 144 AD3d at 787; U.S. Bank N.A. v Guy, 125 AD3d 845, 847; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062).
Here, Hector failed to establish, prima facie, that the plaintiff was not the holder or the assignee of the note at the time it commenced this action. The record shows that the plaintiff attached a copy of the note endorsed in blank by Ameriquest, the original lender, to the complaint. Since the evidence established that the plaintiff had physical possession of the note at the time of the commencement of the action (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152), the validity of the various assignments of the mortgage is irrelevant to the issue of standing (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296).
Accordingly, the Supreme Court should have denied that branch of Hector's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court