U.S. Bank N.A. v Clement (2018 NY Slip Op 05218)





U.S. Bank N.A. v Clement


2018 NY Slip Op 05218


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-07318
 (Index No. 709246/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Ruth Clement, etc., respondent, et al., defendants.


Shapiro DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for appellant.
Ruth Clement, Lawrenceville, New Jersey, respondent pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), dated June 25, 2015. The order granted the motion of the defendant Ruth Clement, in effect, pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Ruth Clement, in effect, pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing is denied.
In August 2005, the defendant Ruth Clement (hereinafter the defendant) borrowed the sum of $491,200 from First United Mortgage Banking Corp. (hereinafter First United). The loan was memorialized by a note and secured by a mortgage delivered to First United. The defendant allegedly defaulted on the loan by failing to pay the installment due on October 1, 2009. Thereafter, the plaintiff, U.S. Bank National Association, commenced this residential mortgage foreclosure action against the defendant, among others. The defendant filed a pre-answer motion, in effect, pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing. The Supreme Court granted the motion, and the plaintiff appeals.
Relief pursuant to CPLR 3211(a)(1) requires documentary evidence which utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588). On a defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806).
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-201[b][21]; see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638). Where the instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]).
Here, in support of her motion, the defendant submitted, inter alia, a copy of the complaint, to which was annexed a copy of the note and mortgage. The note had been endorsed in blank by First United. The defendant argued that the note and mortgage demonstrated that First United, not the plaintiff, was the lender. However, since the note was endorsed in blank, and was annexed to the complaint at the time the action was commenced, the defendant failed to establish, prima facie, that the plaintiff lacked standing to commence the action (see US Bank N.A. v Coppola, 156 AD3d 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842).
Accordingly, the Supreme Court should have denied the defendant's motion regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court