Bank of N.Y. Mellon v Chamoula (2019 NY Slip Op 01731)





Bank of N.Y. Mellon v Chamoula


2019 NY Slip Op 01731


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-06411
 (Index No. 506998/15)

[*1]Bank of New York Mellon, etc., appellant,
v
Esther Chamoula, respondent, et al., defendant.


Druckman Law Group PLLC, Westbury, NY (Lisa M. Browne and Maria Sideris of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Madeline Greenblatt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated May 11, 2016. The order granted those branches of the motion of the defendant Esther Chamoula which were pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and those branches of the motion of the defendant Esther Chamoula which were pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against her are denied.
In October 2006, the defendant Esther Chamoula (hereinafter the defendant) executed a note in the sum of $648,000 in favor of GFI Mortgage Bankers, Inc. (hereinafter GFI). The note was secured by a mortgage on residential property located in Brooklyn. By assignment of mortgage dated October 16, 2006, GFI purportedly assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide Bank, N.A. (hereinafter Countrywide). Subsequently, by assignment of mortgage dated September 27, 2011, MERS, as nominee for Countrywide, purportedly assigned the mortgage to the plaintiff.
In December 2011, the plaintiff commenced an action (hereinafter the prior action) against the defendant and another party to foreclose the mortgage. In an order dated July 29, 2014, the Supreme Court denied the plaintiff's motion for an order of reference, and granted the defendant's cross motion, inter alia, to dismiss the complaint insofar as asserted against her.
In June 2015, the plaintiff commenced this action against the defendant and another party to foreclose the mortgage. The defendant moved, inter alia, pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff lacked standing and that this action was barred by the doctrine of collateral estoppel because the issue of standing was litigated in the prior action. The Supreme Court granted those branches of the motion, and the plaintiff appeals.
On a defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint based [*2]upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine of collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Karakash v Trakas, 163 AD3d 788, 789; Clifford v County of Rockland, 140 AD3d 1108, 1110).
Here, the defendant failed to establish that the issue of the plaintiff's standing to commence the prior action was clearly raised in the prior action and decided against the plaintiff (see Ryan v New York Tel. Co., 62 NY2d at 500). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her based on the doctrine of collateral estoppel.
Furthermore, the defendant failed to meet her burden of establishing that the plaintiff lacked standing to commence this action. The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced (see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). In support of her motion, the defendant submitted a copy of the complaint, to which was attached a copy of the note with an allonge containing an endorsement by GFI to Countrywide, along with a separate page containing an endorsement by Countrywide to "Countrywide Home Loans, Inc.," and an endorsement in blank by "Countrywide Home Loans, Inc." Since the defendant failed to eliminate questions of fact as to the plaintiff's standing as the holder of the note at the time of commencement of the action, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926; New York Community Bank v McClendon, 138 AD3d at 806; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court