Wells Fargo Bank, N.A. v LJ Equities II, LLC (2019 NY Slip Op 06821)





Wells Fargo Bank, N.A. v LJ Equities II, LLC


2019 NY Slip Op 06821


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01046 
2018-02142
 (Index No. 65847/14)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
LJ Equities II, LLC, appellant, et al., defendants.


Irwin Popkin, Melville, NY, for appellant.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant LJ Equities II, LLC, appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated December 23, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered January 17 2018. The order, insofar as appealed from, denied the motion of the defendant LJ Equities II, LLC, pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, for lack of standing. The order and judgment of foreclosure and sale, inter alia, directed the foreclosure sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is
further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In October 2005, the defendant Rebecca Penney borrowed the sum of $290,000 from Washington Mutual Bank, FA (hereinafter Washington Mutual). The loan was memorialized by a note and secured by a mortgage on certain real property in East Moriches. Penney allegedly defaulted on the loan by failing to make payment of principal and interest due on November 1, 2008, and thereafter. In March 2012, Penney executed a quitclaim deed transferring title to the subject property to the defendant LJ Equities II, LLC (hereinafter LJ).
In July 2014, the plaintiff commenced this action against Penney and LJ, among others, to foreclose the mortgage. Penney defaulted in answering the complaint and did not otherwise appear in the action. LJ moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds that the plaintiff lacked standing to commence the action and had failed to serve Penney with a notice of default pursuant to the terms of the note and mortgage agreement. The plaintiff subsequently moved for leave to enter a default judgment against Penney and for an order of reference. The Supreme Court denied LJ's motion to dismiss the complaint and granted the plaintiff's motion for leave to enter a default judgment against Penney and for an order of reference. Thereafter, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. These appeals by LJ ensued. We affirm.
On a motion to dismiss a complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, in support of its motion, LJ submitted a copy of the complaint, to which was attached a copy of the note bearing an endorsement in blank by Washington Mutual. Since the attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note at the time the action was commenced (see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152), LJ failed to sustain its prima facie burden on that branch of its motion which was to dismiss the complaint for lack of standing (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926).
LJ's remaining contentions are either improperly raised for the first time on appeal (see U.S. Bank N.A. v Wiener, 171 AD3d 1241; Citimortgage, Inc. v Borek, 171 AD3d 848) or without merit.
Accordingly, we agree with the Supreme Court's denial of LJ's motion pursuant to CPLR 3211(a) to dismiss the complaint.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court