U.S. Bank N.A. v Trulli (2020 NY Slip Op 00172)





U.S. Bank N.A. v Trulli


2020 NY Slip Op 00172


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-03168
 (Index No. 62784/15)

[*1]U.S. Bank National Association, etc., appellant,
v
Vincent Trulli, etc., respondent, et al., defendants.


Sandelands Eyet, LLP, New York, NY (Laurence P. Chirch of counsel), for appellant.
Lowey Dannenberg, P.C., White Plains, NY (Vincent Briganti of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated February 27, 2017. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated October 18, 2016, granting the motion of the defendant Vincent Trulli pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him and denying, as academic, the plaintiff's motion for leave to enter a default judgment against that defendant and for an order of reference.
ORDERED that the order dated February 27, 2017, is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the order dated October 18, 2016, is vacated, the motion of the defendant Vincent Trulli pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him is denied, and the plaintiff's motion for leave to enter a default judgment against that defendant and for an order of reference is denied as premature.
On December 15, 2006, the defendant Vincent Trulli (hereinafter the defendant) executed a note in the principal sum of $430,000 in favor of Countrywide Bank, N.A. (hereinafter Countrywide Bank). The note was secured by a mortgage on residential property located in Yorktown Heights in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide Bank. By assignment of mortgage dated August 5, 2009, and recorded October 6, 2009, in the office of the Westchester County Clerk, MERS assigned the mortgage to the plaintiff.
In 2009, the plaintiff commenced an action against the defendant to foreclose the mortgage (hereinafter the 2009 action). While the 2009 action was pending, in what would later be described as an "inadvertent[ ]" filing, by assignment of mortgage dated July 17, 2013, and recorded November 14, 2013, Bank of America, N.A., purported to assign the subject mortgage to Nationstar Mortgage, LLC.
Further, with the 2009 action still pending, on August 5, 2015, the plaintiff commenced this action to foreclose the same mortgage. A copy of the note, endorsed in blank, was annexed to the complaint. Subsequent to the commencement of this action, by "corrective [*2]assignment of mortgage" dated December 31, 2015, and recorded January 28, 2016, "Bank of America as attorney in fact for Nationstar Mortgage, LLC" assigned the mortgage to the plaintiff. The corrective assignment of mortgage stated that it was made, inter alia, to correct the record made by the inadvertently recorded assignment of mortgage dated July 17, 2013.
By order dated December 14, 2015, the Supreme Court granted the plaintiff's motion to discontinue the 2009 action. The plaintiff and the defendant stipulated to extend the defendant's time to answer, move, or otherwise respond to the complaint in this action to May 20, 2016.
On May 20, 2016, the defendant moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing, arguing that the belatedly filed corrective assignment of mortgage was insufficient to confer standing upon the plaintiff. In opposition, the plaintiff argued that its attachment of the note, endorsed in blank, to the complaint in this action was sufficient to establish standing. Separately, by notice of motion dated July 6, 2016, the plaintiff moved for leave to enter a default judgment against the defendant and for an order of reference. In an order dated October 18, 2016, the Supreme Court granted the defendant's motion, finding that the plaintiff lacked standing to commence this action, and denied, as academic, the plaintiff's motion.
Thereafter, the plaintiff moved for leave to reargue the prior motions, arguing, inter alia, that the Supreme Court overlooked its contention that its attachment of the note, endorsed in blank, to the complaint in this action was sufficient to establish standing. The defendant opposed the motion. In an order dated February 27, 2017, the Supreme Court granted leave to reargue and, upon reargument, adhered to its prior determination. The plaintiff appeals.
On a defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the defendant failed to meet his burden of establishing that the plaintiff lacked standing to commence this action, as the attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). Contrary to the defendant's contention, the plaintiff does not rely upon the chain of assignments to establish standing. Accordingly, upon reargument, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
Upon denying the defendant's motion, the Supreme Court should have considered the merits of the plaintiff's motion for leave to enter a default judgment and for an order of reference. The court should then have denied the plaintiff's motion as premature, as the defendant's motion to dismiss extended his time to serve an answer to the complaint (see CPLR 3211[f]; Scharaga v Schwartzberg, 149 AD2d 578, 578-579).
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court