Deutsche Bank Trust Co. Ams. v Marous (2020 NY Slip Op 04536)





Deutsche Bank Trust Co. Ams. v Marous


2020 NY Slip Op 04536


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-10595
 (Index No. 60100/16)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Gabriel Marous, et al., appellants, et al., defendants.


Joseph E. Ruyack III, Chester, NY, for appellants.
Houser & Allison, APC, New York, NY (Kathleen M. Massimo and Alina Levi of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Gabriel Marous and Justine Marous appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated August 6, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated January 4, 2017, inter alia, denying the motion of the defendant Gabriel Marous to dismiss the complaint insofar as asserted against him, and an order of the same court dated March 20, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gabriel Marous, to strike that defendant's answer and counterclaim, and to appoint a referee to calculate the amounts owed, among other things, granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.



DECISION & ORDER
Motion by the plaintiff to dismiss the appeal on the ground that no appeal lies from an order and judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated November 8, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the plaintiff's motion to dismiss the appeal is granted, and the appeal from the order and judgment of foreclosure and sale dated August 6, 2018, is dismissed, except insofar as it brings up for review so much of the order dated March 20, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gabriel Marous, to strike his answer and counterclaim, and to appoint a referee to calculate amounts owed, and so much of the order dated January 4, 2017, as denied the motion of the defendant Gabriel Marous to dismiss the complaint insofar as asserted against him; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar [*2]as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action on July 22, 2016. The defendant Gabriel Marous (hereinafter the defendant) moved to dismiss the complaint insofar as asserted against him as barred by the statute of limitations, for lack of standing, and for failure to properly serve the summons and complaint on him. The plaintiff opposed the motion. By order dated January 4, 2017, the Supreme Court denied the motion.
After joinder of issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and counterclaim, and to appoint a referee to calculate amounts owed. The defendant opposed the motion. In an order dated March 20, 2018, the Supreme Court granted the plaintiff's motion. Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose the motion. By order and judgment of foreclosure and sale dated August 6, 2018, the court granted the unopposed motion, confirmed the referee's report, and directed the sale of the subject property. The defendant and the defendant Justine Marous appeal from the order and judgment of foreclosure and sale. The appeal from the order and judgment of foreclosure and sale brings up for review the order dated January 4, 2017 (see CPLR 5501[a][1]; Deutsche Bank Trust Company Americas v Marous, _____ AD3d _____ [Appellate Division Docket No. 2017-01616; decided herewith]), as well as the order dated March 20, 2018.
Actions to foreclose upon a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (Milone v US Bank N.A., 164 AD3d 145, 151). However, "an acceleration of a mortgaged debt . . . is only valid if the party making the acceleration had standing at that time to do so" (id. at 153).
This is the third action commenced by the plaintiff to foreclose the subject mortgage. The defendant based his statute of limitations claim on the first foreclosure action, commenced in 2008 (hereinafter the 2008 foreclosure action), which purportedly triggered the six-year statute of limitations. However, because the 2008 foreclosure action was dismissed on the ground that the plaintiff lacked standing, "the purported acceleration [was] a nullity, and the statute of limitations [did] not begin to run at the time of the purported acceleration" (U.S. Bank N.A. v Auguste, 173 AD3d 930, 932; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983). Therefore, the statute of limitations did not begin to run until the commencement of the second foreclosure action, on August 27, 2010 (hereinafter the 2010 foreclosure action), which was discontinued, in 2016, upon motion by the plaintiff. Since the instant action was commenced on July 22, 2016, a little over a month before August 26, 2016, when the six-year period would have expired, it was not barred by the statute of limitations.
Likewise, the defendant failed "to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Wells Fargo Bank, N.A. v LJ Equities II, LLC, 175 AD3d 1592, 1593). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (U.S. Bank, N.A. v Noble, 144 AD3d 786, 787 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361).
Here, among the papers submitted in support of his motion to dismiss, the defendant included a copy of the verified complaint, which indicated that a copy of the subject note was annexed to it as Exhibit A. "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041). The evidence establishing that the note was attached to the complaint when the action was commenced, together with a copy of the note itself, endorsed in [*3]blank, established, prima facie, that the plaintiff had standing to commence the action as the holder of the note, thereby rendering irrelevant any questions regarding written assignments of mortgage or when and how the note was delivered (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 360-361; Bank of N.Y. Mellon v Chamoula, 170 AD3d at 791).
The plaintiff's re-service of the summons and complaint during the pendency of the defendant's motion "effectively obviated his jurisdictional objection to the action against him, and constituted prima facie evidence of proper service pursuant to CPLR 308(2)" (Rosenberg v Trazzera, 147 AD3d 1099, 1101; see Bank of Am., N.A. v Valentino, 127 AD3d 904). The defendant's allegations of impropriety regarding the re-service are insufficient to rebut the presumption of proper service arising from the process servers' affidavits of service and of mailing (see Taron Partners, LLC v McCormick, 173 AD3d 927, 929). First, CPLR 308(2) sets forth no requirement that the person to whom the summons is delivered at the defendant's "actual place of business" be authorized to receive such service, only that the person be "of suitable age and discretion." The defendant does not contend that the receptionist at the defendant's place of business was not "of suitable age and discretion" (CPLR 308[2]). Second, contrary to the defendant's assertion, the affidavit of mailing specifically stated that the summons and complaint were mailed to the defendant's place of business by first-class mail, and that the documents were "marked personal and confidential," as required by CPLR 308(2).
The defendant's contention that the plaintiff's submissions were insufficient to demonstrate that the plaintiff complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1590).
Accordingly, with regard to the order dated January 4, 2017, we agree with the Supreme Court's denial of the defendant's motion to dismiss. Regarding the order dated March 20, 2018, we agree with the court's grant of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and counterclaim, and to appoint a referee to calculate amounts owed.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court