Bank of N.Y. Mellon v Selig (2023 NY Slip Op 00979)

Bank of N.Y. Mellon v Selig

2023 NY Slip Op 00979

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-13837
 (Index No. 23649/10)

[*1]Bank of New York Mellon, etc., respondent,
v
Krista Selig, appellant, et al., defendants.

Krista Selig, Roslyn Heights, NY, appellant pro se.
Druckman Law Group PLLC, Westbury, NY (Maria Sideris of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Krista Selig appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 12, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated January 31, 2019, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Krista Selig and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In January 2006, the defendant Krista Selig executed a note in favor of the defendant Concord Mortgage Corporation. The note was secured by a mortgage on residential property located in Roslyn Heights. On March 1, 2006, the plaintiff entered into a pooling and servicing agreement (hereinafter PSA), pursuant to which the plaintiff became trustee of a trust that holds Selig's mortgage. In December 2010, the plaintiff commenced this action to foreclose the mortgage against, among others, Selig, alleging that Selig had defaulted on her obligations under the note by failing to make the payment due on March 1, 2009. Selig interposed an answer in which she asserted various affirmative defenses, including lack of standing.
In an order entered March 27, 2014, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Selig and for an order of reference. Selig subsequently moved, among other things, to vacate that order and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The court denied that motion, and a judgment of foreclosure and sale was subsequently entered. On a prior appeal, this Court reversed the judgment of foreclosure and sale and, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Selig, determining that the plaintiff failed to demonstrate, prima facie, that it had standing to commence this action (see Bank of N.Y. Mellon v Selig, 165 AD3d 872, 872-874). This Court also determined that the Supreme Court properly denied that branch of Selig's motion [*2]which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, concluding that Selig had waived that defense by failing to raise it in a pre-answer motion to dismiss or in her answer (see id. at 874).
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Selig and for an order of reference. In an order dated January 31, 2019, the Supreme Court granted the plaintiff's motion. An order and judgment of foreclosure and sale was subsequently entered on September 12, 2019. Selig appeals.
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (US Bank N.A. v Davis, 196 AD3d 530, 532 [citation and internal quotation marks omitted]). Here, by submitting a copy of the PSA and its attached mortgage loan schedule, which included the subject mortgage loan, the plaintiff established, prima facie, that as of March 1, 2006, the plaintiff, as trustee under the PSA, was an assignee of the mortgage loan and "the lawful owner of the note" (id. at 532 [internal quotation marks omitted]; see U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097; Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878, 882). As such, the plaintiff had standing to commence this action in December 2010 (see US Bank N.A. v Davis, 196 AD3d at 532). In opposition, Selig failed to raise a triable issue of fact.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court" (Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d 596, 597 [internal quotation marks omitted]). On the prior appeal, this Court considered Selig's contention that the Supreme Court lacked personal jurisdiction over her due to improper service and determined that this defense was waived (see Bank of N.Y. Mellon v Selig, 165 AD3d at 874). Selig has not made a sufficient showing to warrant reexamination of that issue (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691; see generally Bayview Loan Servicing, LLC v Taddeo, 199 AD3d 749, 751).
Selig's remaining contentions are without merit.
Accordingly, we affirm the order and judgment of foreclosure and sale.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court