U.S. Bank N.A. v Smith (2023 NY Slip Op 06160)

U.S. Bank N.A. v Smith

2023 NY Slip Op 06160

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-07062
 (Index No. 69743/19)

[*1]U.S. Bank National Association, etc., appellant,
v
Shawnta Smith, etc., et al., defendants, Stephanie Davis, respondent.

Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.
Stephanie Davis, New Rochelle, NY, respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 13, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Stephanie Davis which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Stephanie Davis which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing is denied.
On December 5, 2019, the plaintiff commenced this action against, among others, the heirs and distributees of Annie Smith and Kathy Smith, to foreclose a mortgage on certain residential real property in Mount Vernon. The mortgage secured a note which had been executed by Kathy Smith and Annie Smith. The plaintiff attached to the complaint a copy of the note at issue with two additional pages, one titled "Note Endorsements," endorsing the note to Household Finance Realty Corporation of New York (hereinafter Household Finance), and the other titled "Note Allonge," containing an endorsement in blank by Household Finance. The note with the additional pages was also attached to the plaintiff's certificate of merit.
In July 2021, the defendant Stephanie Davis (hereinafter the defendant) moved, pro se, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing. In support of her motion, the defendant submitted a copy of the complaint with the annexed note and additional pages titled Note Endorsements and Note Allonge. The plaintiff opposed the motion. In an order dated September 13, 2021, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for lack of standing. The court determined that the plaintiff failed to show that the allonge was firmly affixed to the note and, therefore, "failed to eliminate all triable issues of fact as to standing." The plaintiff appeals.
"On a defendant's motion to dismiss a complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Wells Fargo Bank, N.A. v LJ Equities II, LLC, 175 AD3d 1592, 1593). "To defeat [*2]a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806). Thus, the Supreme Court should have denied the defendant's motion since the defendant, not the plaintiff, was required to "eliminate all triable issues of fact as to [its] standing".
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Bank of N.Y. Mellon v Selig, 213 AD3d 894, 895-896 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Bank of N.Y. Mellon v Selig, 213 AD3d at 896 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
Here, the defendant failed to establish, prima facie, the plaintiff's lack of standing as a matter of law. "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; see Deutsche Bank Natl. Trust. Co. v Murray, 176 AD3d 1172, 1174). Contrary to the defendant's contention, the complaint alleged sufficient facts to establish the plaintiff's standing (cf. U.S. Bank, N.A. v Noble, 144 AD3d at 787), and the defendant failed to affirmatively demonstrate that the additional pages titled Note Endorsements and Note Allonge were not firmly attached to the note (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). Since the defendant failed to eliminate questions of fact as to the plaintiff's standing as the holder of the note at the time of commencement, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of standing.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court