Wendover Fin. Servs. Corp. v Steinman (2024 NY Slip Op 04416)

Wendover Fin. Servs. Corp. v Steinman

2024 NY Slip Op 04416

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-04565
 (Index No. 60161/16)

[*1]Wendover Financial Services Corporation, respondent, 
v
David Steinman, etc., appellant, et al., defendants.

Justin F. Pane, P.C., Bohemia, NY, for appellant.
Greenspoon Marder LLP, New York, NY (Sarah Greenberg and Raspreet Bhatia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Steinman, as executor under the last will and testament of Shirley A. Steinman, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated November 24, 2020. The order and judgment of foreclosure and sale, upon an order of the same court dated May 14, 2018, made after a nonjury trial, inter alia, directing the entry of judgment on the complaint insofar as asserted against the defendant David Steinman, as executor under the last will and testament of Shirley A. Steinman, striking that defendant's answer, and appointing a referee to determine the amount due, granted the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied those branches of the cross-motion of the defendant David Steinman, as executor under the last will and testament of Shirley A. Steinman, which were, in effect, pursuant to CPLR 4404(b) to set aside the aforementioned portions of the order dated May 14, 2018, and for judgment as a matter of law dismissing the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the cross-motion of the defendant David Steinman, as executor under the last will and testament of Shirley A. Steinman, which was, in effect, pursuant to CPLR 4404(b) to set aside so much of the order dated May 14, 2018, as directed the entry of judgment on the complaint insofar as asserted against him, struck his answer, and appointed a referee to determine the amount due is granted, those portions of the order dated May 14, 2018, are vacated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of standing.
In July 2016, the plaintiff commenced this action against, among others, the defendant David Steinman, as executor under the last will and testament of Shirley A. Steinman (hereinafter the defendant), to foreclose a home equity conversion mortgage, also known as a reverse mortgage. In his answer, the defendant alleged, inter alia, that the plaintiff lacked standing. After a nonjury trial, the Supreme Court determined that the plaintiff had established its standing by a preponderance of the evidence because it had been assigned the note. In an order dated May 14, 2018, the Supreme Court directed entry of judgment on the complaint insofar as asserted against the defendant, struck the defendant's answer, and appointed a referee to determine the amount due. In November 2019, [*2]the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, in effect, pursuant to CPLR 4404(b) to set aside the aforementioned portions of the order dated May 14, 2018, and for judgment as a matter of law dismissing the complaint insofar as asserted against him, submitting evidence that Fannie Mae purchased the note subsequent to the assignment of the note to the plaintiff and prior to the commencement of this action. In an order dated December 20, 2019, the court directed the plaintiff to submit further evidence addressing the defendant's contention. In response, the plaintiff submitted three affidavits. In an order and judgment of foreclosure and sale dated November 24, 2020, the court granted the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclose and sale, in effect, denied those branches of the defendant's cross-motion which were, in effect, pursuant to CPLR 4404(b) to set aside the aforementioned portions of the order dated May 14, 2018, and for judgment as a matter of law dismissing the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Bank of N.Y. Mellon v Selig, 213 AD3d 894, 895-896 [internal quotation marks omitted]).
Under the particular circumstances of this case, the Supreme Court should have granted that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 4404(b) to set aside the portions of the order dated May 14, 2018, that, after a nonjury trial, directed the entry of judgment on the complaint insofar as asserted against the defendant, struck the defendant's answer, and appointed a referee to determine the amount due. The evidence submitted by the defendant raised issues of fact warranting a new trial on the issue of standing, and the plaintiff does not contend that it was improper for the defendant to submit this evidence for the first time after the conclusion of the original trial (cf. Mangra v Mangra, 170 AD3d 1156, 1159).
The defendant's remaining contentions are without merit.
Accordingly, we reverse the order and judgment of foreclosure and sale, grant that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 4404(b) to vacate so much of the order dated May 14, 2018, as directed the entry of judgment on the complaint insofar as asserted against him, struck his answer, and appointed a referee to determine the amount due, vacate those portions of that order, and remit the matter to the Supreme Court, Westchester County, for a new trial on the issue of standing.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER: 
Darrell M. Joseph
Clerk of the Court