## Aareal Capital Corp. v 462BDWY Land, L.P.

2024 NY Slip Op 33576(U)

September 27, 2024

Sup Ct, NY County

Docket Number: Index No. 850639/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

AAREAL CAPITAL CORPORATION, AAREAL BANK AG,
and PACIFICCAL DEBT III, LLC,

Plaintiffs,

- v -

462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., 464
BROADWAY ASSOCIATES, STEPHEN J. MERINGOFF,
JAY H SHIDLER, MERINGOFF PROPERTIES, INC., NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY DEPARTMENT OF
TAXATION AND FINANCE, CRIMINAL COURT OF THE
CITY OF NEW YORK, and JOHN DOE #1-12, THE
NAMES OF THE LAST 12 DEFENDANTS BEING
FICTITIOUS AND UNKNOWN TO PLAINTIFFS,
PLAINTIFFS INTENDING TO DESIGNATE THEREBY
PERSONS OR PARTIES HAVING OR CLAIMING TO
HAVE AN INTEREST IN OR LIEN UPON THE
DESCRIBED PREMISES,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 850639/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS001) 38, 39, 40, 41, 42, 43, 54, 55, 68

were read on this motion to/for                    DISMISS                    .

In this foreclosure action, plaintiffs are lenders who made two loans for $110,000,000 and $25,000,000 to defendants 463BDWYLand and 464 Broadway Associates, LLC, respectively, the fee owner and the lease holder, of the encumbered property known as 462 Broadway in the city, state, and county of New York. Due to owner-defendants alleged breach of the loan agreements, plaintiffs commenced this action pursuant to RPAPL section 1301 against the owners and RPAPL section 1371 against the recourse liability defendants, Stephen J. Meringoff and Jay H. Shidler. Defendants move to dismiss the complaint under CPLR 3211 (a)(1) and (7) and because of its defective verification and plaintiffs' lack of standing.

## Background[1]

### The Loan Transactions

The lender-plaintiffs, Aareal Capital Corporation (ACC), is a Delaware corporation with an office in New York City; Aareal Bank is a duly authorized German banking corporation with an office in Wiesbaden, Germany; and PacificCal Debt III, LLC (PacificCal) is a Delaware limited liability company and operates out of it office in San Francisco, California (respectively, ACC, Aareal Bank, and Pacific Cal, and together, the Lenders or plaintiffs) (NYSCEF # 2 - Complaint or compl ¶¶7-9). *PacificCal is primarily managed in California, has no employees or offices in New York, and files no taxes in New York (See NYSCEF # 55 - Towle aff ¶3).*

On June 24, 2016, ACC made two loans to defendants[2] 462 BDWY Land, L.P. and 464 Broadway Associates, LLC (together, the Borrowers): one for $110,000,000and the other for $25,000,000 (together, the Existing Loans) (compl ¶¶ 23–24). The Existing Loans were evidenced by a promissory note made in favor of ACC (the Original Existing Loan Note) and secured by a mortgage on the Premises (*id.* ¶25). On November 18, 2016, ACC assigned a portion of the Existing Loan in the amount of $41,964,000 to Aareal Bank (*id.* ¶ 27). Borrowers concurrently executed and delivered to ACC and Aareal Bank substitute promissory notes for the Original Existing Loan Note in their respective share amounts (*id.*). On April 30, 2021, ACC, as agent for the Lenders, and Borrowers consolidated, amended, and restated in their entireties the Substitute Existing Loan Notes and the Advancing Loan Note to evidence a single indebtedness (*id.* ¶ 31). The Existing Loans were consolidated into a single loan pursuant to a Consolidated, Amended, and Restated Loan Agreement (the Consolidated Loan), and the Consolidated Loan was then secured by a mortgage (*id.*; NYSCEF # 10 - the Consolidated Loan Mortgage). The cover sheet of the all the Consolidated Loan indicates ACC "as Agent for Lenders" and section 13.2 specifies that Lenders has appointed their ACC to act as their agent under the loan documents (*id.* at 97; compl ¶ 31). That same day, ACC also assigned $35,000,000 of the Consolidated Loan to PacificCal (*id.* ¶ 33).

On May 13, 2022, Lenders made a second loan to Borrowers in the maximum amount of up to $14,300,000 (the Building Loan Mortgage, and together with the Consolidated Loan Mortgage, the Mortgages) under a Building Loan Agreement,

---

[1] The following facts are drawn from the Complaint (NYSCEF # 2) and its accompanying exhibits and are assumed true for purposes of this motion to dismiss.

[2] In addition to the borrower-defendants and the recourse liability defendants, the Complaint also names as defendants (1) the New York State Department of Taxation and Finance for the purpose of foreclosing any liens by virtue of possible unpaid franchise taxes or licenses and maintenance fees; (2) the Criminal Court of the City of New York by reason of it being a possible lienor; and (3) John Does #1-12 to account for persons and entities who have possessory liens or other interests, in the property and which possessory liens or other interests, if any, are subsequent and/or subordinate to the Mortgages being foreclosed (compl ¶¶ 16-19).

**850639/2023   AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., ET AL**
**Motion No. 001**

**Page 2 of 11**

2 of 11

[* 2]

dated as of May 13, 2022 (the Building Loan Agreement and Consolidated Loan Agreement together, the Loan Agreements) (*id.* ¶ 43). And defendants Stephen J. Meringoff and Jay H. Shidler (Meringoff and Shidler together, the Recourse Liability defendants) entered the Second Amended and Restated Recourse Liability Agreement[3] (the Recourse Liability Agreement) (*id.* ¶54). Section 13.2 of the Building Loan Agreement states that each Lender appointed ACC as agent with respect to the Building Loan (id.). In addition, Article III of the Mortgages specified that ACC has the power to "institute proceedings, judicial or nonjudicial, for the foreclosure of this Mortgage, in which case the Mortgaged property may be sold for cash or credit in one or more parcels" (NYSCEF #10, Consolidated Loan § 3.2 [c].3).

*Defendant's Breach of the Loan Agreement and Dissolution of Parties' Relationship*

Plaintiffs allege that on May 10, 2023, Borrowers defaulted on the Consolidated Loan by failing to obtain and deliver a supplemental "Interest Rate Protection Agreement" as required by Section 2.7 of the Consolidated Loan Agreement and which constituted a default on the Building Loan under Section 11.1(j) (*id.* ¶62). As agent for the Lenders, ACC notified defendants of this alleged breach by letter on May 18, 2023 (*id.*). Plaintiffs aver that subsequently, Borrowers defaulted on the Loans by failing to pay the interest due and payable on the Loans on each of the payment dates of June 12, 2023, July 10, 2023, and August 10, 2023 (*id.* ¶¶63-66). On September 21, 2023, pursuant to Section 11.2 of the Loan Agreements, ACC, as agent for the Lenders, accelerated the Loans and declared the indebtedness evidenced by the Notes. ACC demanded payment of all sums in full and deemed the Maturity Date of the Loans to be September 21, 2023 (*id.* ¶67). Plaintiffs allege that despite this demand, Borrowers have failed to pay the Loans in full, including the aggregate outstanding principal amount of $149,300,000 and other fees (*id.* ¶68). Plaintiffs commenced this action on November 22, 2023, to foreclose on the two outstanding mortgages under Section 1301 of the Real Property Actions and Proceedings Law (RPAPL) (*id.* ¶1).

## Legal Standards

Defendants move to dismiss the complaint under CPLR 3211 (a)(1) and (a)(7). Under CPLR 3211(a)(7), a party may move to dismiss on the basis that a pleading "fails to state a cause of action" (CPLR 3211 [a] [7]). When considering such a motion, the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the non-movant] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Whitebox Concentrated Convertible Arb. Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [internal quotation omitted]; *accord Pavich v Pavich*, 189 AD3d 548, 549 [1st Dept 2020]).

---

[3], the Recourse Liability Parties had delivered to ACC a Recourse Liability Agreement (the Original Recourse Liability Agreement) on June 14, 2016 (NYSCEF # 2 ¶ 52).

[* 3]

"[W]hether a plaintiff . . . can ultimately establish its allegations is not taken into consideration in determining a motion to dismiss" (*Phillips S. Beach LLC v ZC Specialty Ins. Co.*, 55 AD3d 493, 497 [1st Dept 2008], *lv denied* 12 NY3d 713 [2009]). However, the court need not accept "conclusory allegations of fact or law not supported by allegations of specific fact" (*Wilson v Tully*, 243 AD2d 229, 234 [1st Dept 1998]).

Under CPLR 3211(a)(1), a party may move for judgment dismissing one or more causes of action when "a defense is founded upon documentary evidence" (*Morgenthow & Latham v Bank of New York Company, Inc.*, 305 AD2d 74, 78 [1st Dept 2003]), or when the party asserting the cause of action "has no legal capacity to sue" (*Grossman v MatchNet PLC*, 10 AD3d 577, 577 [1st Dept 2004]).

Meanwhile, if plaintiffs lack standing, they may not proceed with the action (*see Stark v Goldberg, LLC*, 297 AD2d 203 [1st Dept 2002]). On a motion to dismiss for lack of standing, a plaintiff need not affirmatively establish its standing to defeat the motion but merely raise a triable issue of fact as to its standing while the defendant has the defendant's burden to make a prima facie showing that the plaintiffs lack standing (*see DLJ Mortgage Capital v Mahadeo*, 166 AD3d 512 [1st Dept 2018]).

## Discussion

Plaintiffs advance several foreclosure claims against defendants, namely (1) failure to comply with the terms and provisions of the Building Loan Agreement and other Building Loan Documents, entitling plaintiffs to foreclose the Building Loan Mortgage (Count I); (2) failure to comply with the terms and provisions of the Consolidated Loan Agreement and the other Consolidated Loan Documents, entitling plaintiffs to foreclose on the Consolidated Loan Mortgage (Count II); and (3) failure to comply with the terms of the Loan Documents, entitling plaintiffs to foreclose the mortgages insofar as they contain security agreements under UCC (Count III) (*see* compl ¶¶ 81-119). Plaintiffs also assert a cause of action pursuant to the Recourse Liability Agreement against the Recourse Liability Parties demanding payment for any deficiency judgment (Count IV) (*see id.* ¶¶ 120-124).

Defendants' motion to dismiss is based on three largely technical and procedural primary bases: defective verification of the complaint; lack of standing and capacity; and alleged violation of the "one-action" rule (NYSCEF # 39 - MOL; NYSCEF # 68 - reply). Each basis will be addressed in turn.

*Verification*

Defendants proffer several arguments to assert that the complaint is defectively verified under CPLR 3021. Defendants acknowledges that while a defective verification by itself may not warrant a dismissal of the complaint, it

**850639/2023 AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., ET AL**
**Motion No. 001**

**Page 4 of 11**

4 of 11

nonetheless "subjects the complaint to dismissal" because defendants are prejudiced by a lack of credibility in the alleged facts (NYSCEF # 39, Deft's MOL at 10). Plaintiffs, however, rebut defendants' entire argument on this issue by pointing out that, pursuant to CPLR 3020, the complaint, unlike the answer, did not need to be verified in the first place (NYSCEF # 54, Pltfs' MOL at 6). But, in any event, plaintiffs maintain that their complaint is adequately verified under CPLR 3020 and that the additional requirements of CPLR 3021 are not triggered here.

Pursuant to CPLR 3020, a verification must be made by an "affidavit of the party, or, if two or more parties united in interest are pleading together, by at least one of them who is acquainted with the facts" (CPLR 3020[d]). An affidavit must state that "the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief." (CPLR 3021). If the affidavit is made by a person other than the party, CPLR 3021 triggers an additional requirement of setting forth "the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party" (*id.*). CPLR 3020 further provides that [i]f the party is a domestic corporation, the verification shall be made by an officer thereof and shall be deemed a verification by the party" (CPLR 3020[d][1]).

Defendants contend that the verification is improperly the Managing Director/Counsel of ACC who did not state whether and how he has knowledge of the co-plaintiffs Aareal Bank and PacificCal as required by CPLR 3021 (*id.* at 9-11).

Plaintiffs explain that the three plaintiffs are united in interest as each plaintiff is a holder of the Notes at issue and each plaintiff seeks to foreclose on these Notes. Thus, Ralph C. Marra Jr., the Managing Director/Counsel of ACC, as an officer of ACC, is considered a party to the action thus no affidavit setting forth the grounds for his knowledge is triggered (Pltf's MOL at 7).

When assessing whether a verification is sufficient, courts generally focus on whether an affiant represents parties who are "united in interest," (*See Lepkowski v State*, 1 NY3d 201 [2003] [concluding that even though claimants were united in interest, it could not be said the two claimants who verified the pleading were sufficiently acquainted with the proper facts of the remaining 765 claimants' entitlement to overtime compensation]). To be "united in interest," the parties must share legally cognizable rights and duties in an action (*see Maniscalco v Power*, 4 AD2d 479, 480 [1st Dept 1957] [concluding that verification of petition by one of the parties was sufficient where legal rights and interests were identical]; *see also Seda v Richards*, 89 AD2d 952 [2d Dept 1982] [holding that verification by a single candidate was sufficient because they were united in interest with other candidates by the designating petitions they shared]).

Here, plaintiffs have sufficiently verified the Complaint. Plaintiffs' verification complies with CPLR 3020 because it was made by an officer of ACC, one of the plaintiffs who is acquainted with the facts of a group of parties united in interest. Furthermore, plaintiffs are united in their legal interest in the outstanding mortgages with each seeking to collect on the requested demand (NYSCEF # 2). And even if plaintiffs were not united in interest, plaintiffs' verification fits within the exception listed under CPLR 3020(d)(1). Specifically, by being a domestic corporation, it is adequate for the verification to be made by an officer thereof to be deemed a verification by the party (CPLR 3020). Plaintiffs' verification here complies with this requirement because it is made by ACC's Managing Director; thus, the Complaint has been adequately verified by a party under CPLR 3020 (*see id.*; NYSCEF # 2).

Conversely, defendants have failed to show that plaintiff's verification triggered the additional requirements of CPLR 3021. As discussed, CPLR 3021's additional requirements only come into play when the affidavit of verification is "made by someone other than the party" (CPLR 3021). But as explained above, because plaintiffs' verification fits within the exception listed under CPLR 3020(d)(1), it is deemed a verification by the party and does not need to fulfill these additional requirements (*id.*; CPLR 3020[d][1]). Accordingly, plaintiffs' verification here is sufficient, and defendants' motion to dismiss on this ground is denied.

Even if, however, the complaint's verification was defective, the court would ignore any such defect. CPLR 3026 provides that "pleadings shall be liberally construed and defects shall be ignored if a substantial right of a party is not prejudiced" (CPLR 3026). Verification, as part of a pleading, is subject to the same rule, and as such, any defect should be ignored if there is a lack of prejudice shown (*see BNB Bank v HealthFirst PHSP Inc.*, 193 AD3d 525 [1st Dept 2021] [holding that although petition in proceeding was not verified, dismissal was not warranted because debtor failed to show any prejudice was suffered from the defect]; *see also Duerr v 1435 Tenants Corp.*, 309 AD2d 607 [1st Dept 2003] [holding where plaintiff did not claim she was prejudiced by defective verification, the defect should be ignored]). Here, as previously explained, an officer of ACC, as agent for the Lenders, is verifying the complaint on behalf of all Lenders (and thereby, plaintiffs). Thus, the verification here is done by an affiant who is a party of a group "united in interest." Consequently, plaintiffs have shown that the affiant is adequately acquainted with the facts such that any issues of reliability are limited. Defendants otherwise fail to establish any substantial prejudice resulting from the complaint's verification. Plaintiffs' verification of the complaint is proper.

*Standing*

Defendants' second argument to dismiss the complaint is based on their contention that plaintiffs lack standing because (i) ACC has failed to prove any

agency relationship, (ii) PacificCal, a foreign LLC, has not obtained a certificate of authority as required by LLC Law §808[a], and (iii) the complaint, as a whole, fails to plead that any of the original Notes were delivered to any Lenders or that plaintiffs are in possession of the original Notes (Deft's MOL at 11-15).

On the agency question, defendants take issue with ACC's alleged agency relationship with the other two co-plaintiffs because the complaint's broad allegations regarding the scope of ACC's agency fails to establish any agency relationship (NYSCEF # 39 at 11-12). Specifically, defendants cite sections from the loan agreements that assert ACC as "the 'agent' for all Lenders but does not define or explain the scope of that agency" (*id.* at 11). And singling out "Section 13.1 of the Loan Agreements [that] states that the provisions of Article 13 of the Loan Agreements are 'subject to the Co-Lender Agreement'" defendants point out that no Co-Lender Agreement was filed with the complaint or made part of any loan document (*id.* at 12 citing to NYSCEF #'s 3 and 4, the Consolidated Loan Agreement and Building Loan Agreement, respectively).

In response, plaintiff points out that ACC is listed as "agent" for the two co-plaintiff lenders in the heading of all the documents relating to the loans, mortgages, agreements, and financing statements (Pltf's MOL at 9; NYSCEF #'s 10 – Exh H, NYSCEF # 17 – Exh O). Moreover, Article III of the Mortgages specifically authorizes ACC to "'initiate proceedings, judicial and nonjudicial, for the foreclosure of this Mortgage . . .'" (*id.* quoting section 3.2(c) of exhs H and O). From this language in the various documents, plaintiffs proffer that there is sufficient showing of ACC's agency relationship with Aareal Bank and PacificCal (*id.*).

On a motion to dismiss, courts look to see if clear consent to an agency relationship can be shown from the complaint itself and any attached exhibits (*see R.H. Sanbar Projects, Inc. v Gruzen Partnership*, 148 AD2d 316 [1st Dept 1989] [holding that though no agency relationship was specifically alleged, an agency relationship was sufficiently pled where examination of affidavits and a retainer agreement demonstrated such]). Here, the complaint clearly shows the existence of an agency relationship between ACC and the co-lenders by explicitly alleging that ACC was appointed as agent for the co-lenders in Section 13.2 of the Loan Agreements (*see* NYSCEF # 2). Not only is ACC the appointed agent in the Loan Agreements but ACC is also identified as agent for the Lenders in the "Consolidated Loan Mortgage" and "Building Loan Mortgage" (*see* NYSCEF # 10 and 17). Moreover, the explicit language of Article III of the Mortgages specifically authorizes ACC to "institute proceedings, judicial or nonjudicial, for the foreclosure of this Mortgage, in which case the Mortgaged property may be sold for cash or credit in one or more parcels" (*see id.* at Section 3.2 [c].3).

Plaintiffs' allegations, supported by evidence which defendants somehow overlooked, establish that PacificCal and AAREAL consented to an agency

relationship with ACC, including the power to institute legal proceedings such as this foreclosure action. Defendants' argument to dismiss the complaint on the lack of agency ground is denied given the ample evidence contradicting defendants' contention.

As to defendants' claim about PacificCal, defendants argue that PacificCal, as a foreign limited liability company "doing business" within New York without a certificate of authority, cannot maintain any legal proceedings here (NYSCEF # 39 at 12-13). Thus, defendants argue that PacificCal has no standing to proceed with this action under Limited Liability Company Law (LLC) § 809 (a).

Plaintiffs, on the other hand, provides an affidavit from PacificCal's authorized signatory, Steve Towle, averring that PacificCal, is a commercial real estate debt fund that originates loans in multiple states, including Colorado, Texas, California, Utah, Nevada, and New York (*see* NYSCEF # 55, Towle aff ¶ 3). Towle also states that PacificCal is primarily managed in California, has no employees or offices in New York, and files no taxes in New York, and its only connection with New York are the two loans attached to New York property (*see id.* ¶¶ 4-6). Plaintiffs argue that nothing in this record suggests that PacificCal's activities in New York are "'incidental to and in furtherance of [PacificCal's] business in interstate commerce." (Pltf's MOL at 11 quoting *Shell Consulting Grp. v Nims*, 80 Misc 3d 1238[A] [Sup Ct Washington County 2023]).

When analyzing whether a foreign limited liability company is "doing business" in the state, courts assess whether the foreign LLC's activities are "permanent, continuous, and regular" (*see Dragons 516 Limited v Knights Genesis Investment Limited*, 79 Misc 3d 1206(A) [Sup Ct, NY County 2021]); *see also Airball Capital LLC v Rosenthal & Rosenthal Inc.*, 73 Misc 3d 1218(A) [Sup Ct, NY County [2021]] [finding that evidence that three members of a corporation were "headquartered in New York City" falls short of the requisite showing of "permanent, continuous, and regular"]).

Here, PacificCal's limited activity in New York that does not arise to the level of "doing business" within the state under the meaning of LLC Law 808 (a). Given these representations, PacificCal has established that it does not need to file a certificate of authority to maintain legal proceedings in New York. In any event, even if a party lacks a certificate of authority, the appropriate remedy is not dismissal. Instead, courts will stay a proceeding and provide a party in violation with "a reasonable opportunity to cure its noncompliance with the statute before dismissal. . . " (*Matter of Mobilevision Med. Imaging Servs., LLC v Sinai Diagnostic & Interventional Radiology, P.C.*, 66 AD3d 685 [2d Dept 2009]).

PacificCal has standing to commence proceedings in New York.

[* 8]

INDEX NO. 850639/2023

RECEIVED NYSCEF: 09/27/2024

As to defendants' final argument on standing, defendants baldly claim that plaintiffs fail to allege that any of the Original Notes were ever delivered to any Lenders or that any plaintiffs were in possession of the Notes at the commencement of this action (NYSCEF # 39 at 13-15).

"In a mortgage foreclosure action, a plaintiff has standing [to foreclose] where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action was commenced" (*OneWest Bank FSB v Carey*, 104 AD3d 444 [1st Dept 2013]). For a plaintiff to survive a challenge to standing, "[t]he attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (*U.S. Bank National Association v Smith*, 221 AD3d 1043 [2d Dept 2023]; *see Bank of New York Mellon v Adam Plotch LLC,* 162 AD3d 502 [1st Dept 2018] [holding that plaintiff established its standing to foreclose the mortgage by attaching a copy of the blank-endorsed note to the complaint and submitting an affidavit that set forth the factual details of the physical delivery along with a copy of the note itself]).

Here, plaintiffs have sufficiently established their standing to foreclose at the pleading stage by alleging that each is the holder of their own Notes on both mortgages and were the holders of such prior to the commencement of the action and the notes are attached as exhibits (*see* NYSCEF #'s 7-9, 14-16) *see also OneWest Bank FSB v Carey*, 104 AD3d 444 [1st Dept 2013]). These notes serve as sufficient evidence that the plaintiffs were the holders of said notes when the action was commenced and sufficient defeat defendants' motion to dismiss (*see Bank of New York Mellon*, 162 AD3d at 502 [holding that a copy of note attached to complaint was enough to establish standing to foreclose mortgage]).

In sum, plaintiffs have sufficiently alleged that they have standing to bring and maintain this foreclosure action.

*One Action Rule*

In their effort to dismiss the complaint against the two recourse liability defendants as violative of New York's one action rule and RPAPL 1301(3) because plaintiffs are simultaneously seeking to foreclose on the mortgage and to recover on the underlying debt (Defts' MOL at 16-17). Defendants stress that "'[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage but must only elect one of these alternate remedies'" (*id.* at 16 quoting *Aurora Loan Servs., LLC v Lopa*, 88 AD3d 929, 930 [2d Dept 2011]). Defendants also argue that plaintiffs fail to allege this cause of action with sufficient particularity. Defendants add that the Loan Documents provide documentary evidence that contradicts any claim with respect to the Recourse Liability Agreement (*id.* at 17-18).

Page 9 of 11

**850639/2023   AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., ET AL**
**Motion No.  001**

9 of 11

Plaintiffs counter that a RPAPL 1371 (b) permits a cause of action seeking a deficiency judgment in a foreclosure action (Pltfs' MOL at 14). Plaintiffs assert that "'a prayer for a deficiency judgment in a complaint does not constitute a separate action for a money judgment in violation of the election of remedies doctrine . . . Thus, a plaintiff in a foreclosure action may seek a deficiency judgment in the complaint, as incidental to the principal relief demanded." (*id.* quoting from *Aurora Loan Servs., LLC v Lopa*, 88 AD3d at 930).

Plaintiffs are correct. This is a foreclosure action. The cause of action at issue is to have the Recourse Liability Parties pay the unsatisfied part of the amounts owed after the sale of the premises pursuant to RPAPL 1371 (Compl, ¶¶ 123-124). While defendants contend that plaintiffs are simultaneously foreclosing on a mortgage and seeking to recover the debt, the Fourth Cause Action does not so allege. Paragraph 123 of the Fourth Cause of Action states: "Plaintiffs seek to foreclose upon the mortgages, and through the sale of the Premises, recover the aggregate principal outstanding amount . . . and any other amounts to be added pursuant to the terms of the Loan Document, including costs and attorneys' fees." (id. ¶ 123). This paragraph precedes plaintiffs' request to have the Recourse Liability Parties pay the unsatisfied amount "after the sale of the Premises if there is any Full Recourse Event, . . ." in paragraph 124 (*id.* ¶ 124).

Further, RPAPL 1371 separately provides that "[i]f a person who is liable to the plaintiff for the payment of the debt secured by the mortgage is made a defendant in the action," the final judgment may award the plaintiff payment of the whole residue or a predetermined by the court amount that remains unsatisfied after a foreclosure sale (*see* RPAPL 1371). This statute serves to "relieve parties from the expense and vexation of two suits...where the whole controversy could be adjusted in the one suit" (*see Sanders v Palmer*, 68 NY2d 180 [1986]). "Thus, a plaintiff in a foreclosure action may seek a deficiency judgment in the complaint, as incidental to the principal relief demanded" (*Aurora Loan Servs., LLC v Lopa*,; *see Merchants Bank of Indiana v 19 W 55 LLC*, 226 AD3d 514 [1st Dept 2024] [holding RPAPL 1301(3) does not warrant dismissal of a complaint where plaintiff seeks to foreclose on the mortgage while preserving their right to request a deficiency judgment]). Indeed, courts regularly urge plaintiffs to seek deficiency relief against guarantors in the same complaint in which they institute foreclosure proceedings to prevent plaintiffs from being barred from acquiring such relief later in a separate proceeding (*see Sanders v Palmer*, 68 NY2d 180 [1986] [holding that failure to obtain deficiency judgment in foreclosure action in which guarantor was defendant barred further action]; *see also Morrison v Slater*, 128 AD 467 [1st Dept 1908] [holding that because guarantors of the debt could have been joined in a prior proceeding, but were not, the rules of law permitting a separate action against them are the same as if they were previously named parties]).

**850639/2023   AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., ET AL**
**Motion No. 001**

**Page 10 of 11**

[* 10]                                    10 of 11

In sum, defendants' argument here fails. While defendants cite and quote cases that seemingly support their one-action rule argument, defendants do themselves a disfavor by ignoring the rest of the cases upon which they rely. Further discussion on defendants' arguments is unwarranted.

In sum, Count IV of the Complaint is sufficiently pleaded as a claim for deficiency judgment under RPAPL 1371 and is therefore not barred by New York's one-action rule. Defendant's motion to dismiss is denied.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss is denied; and it is further

ORDERED that, within 20 days of the e-filing of this order, defendants shall file an answer to the Complaint; and it is further

ORDERED that a preliminary conference shall be held via Microsoft Teams on October 23, 2024, at 2:30 p.m. or at such other time that the parties shall set with the court's law clerk. Prior to the conference, the parties shall first meet and confer to determine if there is agreement to stipulate to a preliminary conference order, available at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part49-PC-Order-fillable.pdf, in lieu of a conference; and it is further

ORDERED that counsel for plaintiffs shall serve a copy of this Decision and Order, along with notice of entry, on defendants within ten days of this filing.

| 9/27/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MARGARET A. CHAN, J.S.C.** | |

| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**850639/2023 AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P., ET AL**
**Motion No. 001**

**Page 11 of 11**

11 of 11